**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JIMMY GOODEN, JR., | : | |
| Plaintiff, | : | |
| v. | : | No. 5:26-cv-00166-TES-AGH |
| AHMED HOLT, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Jimmy Gooden, Jr., a prisoner in Dooly State Prison in Unadilla, Georgia filed a complaint under 42 U.S.C § 1983 (ECF No. 1). Plaintiff has also filed three motions to proceed *in forma pauperis* (IFP) (ECF Nos. 2, 8, 9). For the reasons set forth below, Plaintiff's motions to proceed IFP (ECF Nos. 2, 8, 9) are **GRANTED** and he is **ORDERED** to recast his complaint. It is **RECOMMENDED** that Plaintiff's request for a preliminary injunction (ECF No. 3) be **DENIED**.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). IFP Motion I, ECF No. 2; IFP Motion II, ECF No. 8; IFP Motion III, ECF No. 9. As it appears Plaintiff is unable to pay the cost of commencing this action, his motions to proceed IFP are hereby **GRANTED**.

However, a prisoner is allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in his

trust account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of twenty percent (20%) of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court shall send a copy of this Order to the corrections facility in which Plaintiff is presently incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act (PLRA), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from

Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so, or if he otherwise fails to comply with the provisions of the PLRA.

**PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff also filed a motion for a preliminary injunction and/or a temporary restraining order (hereinafter, TRO) (ECF No. 3). "A party seeking a preliminary injunction bears the burden of establishing its entitlement to relief." *Scott v. Roberts,* 612 F.3d 1279, 1289 (11th Cir. 2010) (citation omitted). To obtain such relief, a movant must show: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (citation omitted). A preliminary injunction or TRO is an extraordinary remedy and a movant's failure to establish any one element will warrant denial of the request for

relief and obviate the need to consider the remaining requirements. *See All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir.1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."); *Am. Civ. Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citations omitted) ("[F]ailure to show any of the four factors is fatal.").

Plaintiff fails to show that there is a substantial likelihood that he will prevail on the merits of his § 1983 action. To the contrary, a preliminary review reveals that Plaintiff fails to state a claim for which relief may be granted as outlined below. Since Plaintiff fails to show a substantial likelihood of success on the merits, Plaintiff fails to meet the prerequisites necessary for preliminary injunctive relief. Therefore, it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction or TPO (ECF No. 3) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation to deny his request for a preliminary injunction with the Honoroable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Plaintiff may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written

motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**INITIAL REVIEW OF COMPLAINT**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint which "seeks redress from a governmental entity or officer or employee of a governmental entity." Here, Plaintiff complains he is not receiving a "prescribed treatment" for a skin condition, Prurigo Nodularis. Compl. 1, ECF No. 1. Plaintiff names the Georgia Department of Corrections Assistant Commissioner of Medical Services Ahmed Holt, Warden Phams, Warden Abagosi, and "other responsible officials within the Georgia Department of Corrections" as his Defendants. *Id*.

First, Plaintiff did not use the Court's standard form for *pro se* prisoner complaints. More importantly, Plaintiff never describes how any Defendant became aware of his skin condition nor any action any Defendant individually took to violate his constitutional rights. *Id.* at 1-2. Thus, there are no allegations in the complaint that specifically link the Defendants to any unconstitutional act. A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegation that connects the defendant with an alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322

(11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *see also LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotations and citations omitted) ("[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation.").

To the extent that Plaintiff brings his claims against the Defendants in their supervisory roles, he also fails to state a viable claim. It is well-settled in the Eleventh Circuit that supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *see also Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *see also Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (quotations and citations omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Instead, to establish liability against a supervisor, a plaintiff must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation. *Keating*, 598 F.3d at 762. Plaintiff fails to allege a causal connection between any action of any Defendant in a supervisory role and the medical care of which he complains. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional

violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Lastly, Plaintiff vaguely lists "other responsible officials within the Georgia Department of Corrections" as Defendants. Compl. 1, ECF No. 1. However, as a general rule, "fictitious-party pleading is not permitted in federal court". *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). The one "exception to this rule [is] when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *See Id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (quotations and citation omitted). Here, Plaintiff does not provide any description whatsoever of who the "other responsible officials" are and thus his claims against these unnamed Defendants are subject to dismissal. Compl. 1; *see Richardson*, 598 F.3d at 738 (dismissal of claim appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant among the many guards employed at [the prison]").

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one chance to remedy the defects with his complaint. *See Duff v. Steub*, 378 F. App'x 868, 872

(11th Cir. 2010). Therefore, Plaintiff is now required to submit a recast complaint on the Court's standard form if he wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What were or are your serious medical needs that, if left untreated, posed or poses a substantial risk of serious harm to your health?

(2) How and when did this Defendant become aware of this serious medical need? What did this Defendant do (or not do) in response to this knowledge that placed or places you at further risk of serious harm?

(3) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(4) When and where did each action occur with each Defendant that gives rise to your claim (to the extent memory allows)?

(5) How were you injured?

Plaintiff is advised that if he fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

Plaintiff is hereby notified that **one operating complaint** is permissible.

The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading). Thus, Plaintiff's amended complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff states a viable claim.

Plaintiff must recast his complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on the standard form. Additionally, Plaintiff should state his claims as simply as possible, referring only to the relevant allegations against the named Defendants in this case. *See* Fed. R. Civ. P. 8. Plaintiff should refrain from using legal terminology or citing to any specific statute or case law in his statement of claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. ***The recast complaint must be no longer than ten (10) pages in its entirety***. Plaintiff cannot include any exhibits, declarations, or other attachments to the recast complaint that would take his complaint beyond the ten-page limit.

## CONCLUSION

Plaintiff's motions to proceed IFP (ECF Nos. 2, 8, 9) are **GRANTED**. However, a preliminary review of Plaintiff's complaint (ECF No. 1) reveals that his claims are subject to dismissal. Therefore, Plaintiff is **ORDERED** to recast his

complaint within **FOURTEEN (14) DAYS** from the date of this Order on the Court's standard § 1983 form as instructed. It is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No. 3) be **DENIED**.

While this action is pending, Plaintiff must immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court shall forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO RECOMMENDED and ORDERED**, this 7th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE