**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JIMMY GOODEN, JR., | : | |
| Plaintiff, | : | |
| v. | : | No. 5:26-cv-166-TES-AGH |
| Medical Director DIXON, Doctor TIMOTHY BURHAM, Doctor BORIS RAMIREZ,[1] | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Jimmy Gooden, Jr., a prisoner in Dooly State Prison in Unadilla, Georgia, initiated this civil action by filing a complaint under 42 U.S.C § 1983 (ECF No. 1), motions seeking leave to proceed in forma pauperis (IFP) (ECF Nos. 2, 8, 9), and a request for a preliminary injunction (ECF No. 3). On August 7, 2026, Plaintiff's IFP requests were granted and he was ordered to recast his complaint. Order 9-10, ECF No. 10. Plaintiff filed his recast complaint, which is ready for a preliminary review (ECF No. 16). As explained below, Plaintiff may proceed with his Eighth Amendment claim for deliberate indifference to a serious

[1] The Court ordered Plaintiff to recast his complaint and informed him that his recast complaint would take the place of the original complaint. Order 9-10, ECF No. 10. Thus, Plaintiff's recast complaint (ECF No. 16) is now the operative complaint in this civil action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam); *see also Barber v. Krepp*, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading). In his recast complaint, Plaintiff removes Ahmed Holt, Warden Phams, Warden Abagosi, and "other responsible officials" as Defendants. Recast Compl. 1, 4, ECF No. 16. Plaintiff now names Medical Director Dixon, Dr. Timothy Burnham, and Dr. Boris Ramirez as his Defendants. *Id.* Therefore, the Clerk of Court shall terminate Holt, Phams, Abagosi, and "other responsible officials" from this civil action and add Medical Director Dixon, Dr. Timothy Burnham, and Dr. Boris Ramirez as Defendants.

medical need against Defendants for further factual development. However, it is **RECOMMENDED** that Plaintiff's request for a preliminary injunction (ECF No. 3) be **DENIED**.[2]

**PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff filed a motion for a preliminary injunction and/or a temporary restraining order (TRO) (ECF No. 3). "A party seeking a preliminary injunction bears the burden of establishing its entitlement to relief." *Scott v. Roberts,* 612 F.3d 1279, 1289 (11th Cir.2010) (citation omitted). To obtain such relief, a movant must show: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (citation omitted). A preliminary injunction or TRO is an extraordinary remedy and a movant's failure to establish any one element will warrant denial of the request for relief and obviate the need to consider the remaining requirements. *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir.1989) (finding that a "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."); *Am. Civ. Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Bd.*, 557 F.3d

[2] A previous recommendation to deny a request for a preliminary injunction was also submitted on August 7, 2026. Order 10, ECF No. 10. In response, Plaintiff filed objections (ECF No. 14) and his recast complaint (ECF No. 16). The district judge recommitted the request for a preliminary injunction to the undersigned for review as to whether the "recast complaint cures the substantial likelihood of success deficiencies in his TRO motion." Order 2, ECF No. 15.

1177, 1198 (11th Cir. 2009) ("Failure to show any of the four factors is fatal[.]").

Plaintiff fails to establish any element necessary for the issuance of a preliminary injunction. First, at this early stage of litigation, the record is not sufficiently developed to conclude Plaintiff has a substantial likelihood of success on the merits. Plaintiff states he has a skin condition that causes lesions, itching, and pain, but the Court does not presently have enough information to determine that his skin condition is indeed a serious medical need that poses a substantial risk of serious harm. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations and citation omitted) ("In our circuit, a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."); *see also Sullivan v. Cochran*, No. CV 15-0407-KD-M, 2015 WL 9659680, at *4 (S.D. Ala. Nov. 25, 2015), *report and recommendation adopted*, No. CV 15-0407-KD-M, 2016 WL 70844, *4 (S.D. Ala. Jan. 6, 2016) (collecting cases where federal courts have held itchy and painful skin conditions without other symptoms do not constitute objectively serious medical needs under the Eighth Amendment).

Furthermore, it appears Plaintiff is receiving some treatment for his skin condition from personnel at Dooly State Prison, although not the treatment prescribed three years ago by a physician at Dermatology & Skin Surgery Center in Stockbridge, Georgia. Recast Compl. 5-8, ECF No. 16. There is no basis in the present, undeveloped record for the Court to presume that the medical care Plaintiff is receiving at Dooly State Prison from Defendants is constitutionally deficient. *See,*

*e.g.*, *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments[.]"). While Plaintiff's claim does not appear to lack merit now, this may change once more facts are uncovered during discovery or when Defendants respond.

Second, Plaintiff fails to demonstrate that he will suffer irreparable injury absent injunctive relief. The alleged irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Merely showing the "possibility" of irreparable harm is insufficient. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Here, Plaintiff speculates that he could suffer "[p]ermanent neurological damage[,]" "[s]evere deterioration of mental health[,]" "[i]ncreased risk of cardiac complications[,]" and "[p]otential loss of life[,]" but he fails to show that these risks are actual imminent dangers of his skin condition and not just conjectured possibilities. TRO Mot. 2, ECF No. 3.

Finally, Plaintiff fails to demonstrate that "the threatened injury outweighs the harm the TRO would inflict on the non-movant; and . . . the TRO would serve the public interest." *Ingram*, 50 F.3d at 900; *see also Nken v. Holder*, 556 U.S. 418, 435 (2009) ("The third and fourth factors, harm to the opposing party and the public

interest, merge when the Government is the opposing party.”). The public interest of the State in managing the housing and care of inmates is clearly significant. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (noting prison administrators should be given “wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security”); *see also Woodford v. Ngo*, 548 U.S. 81, 94 (2006) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 491-92 (1973)) (“[I]t is ‘difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons.’”). Granting Plaintiff's requested relief could override prison officials' decisions on how to manage prison and contracted medical professionals. Plaintiff simply has not shown his skin condition is severe enough to justify this.

In conclusion, Plaintiff fails to carry his burden of establishing any of the four requisite elements for preliminary injunctive relief. Therefore, it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No. 3) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation to deny his request for a preliminary injunction with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Plaintiff may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.

Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

The Prison Litigation Reform Act (PLRA) directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On

preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it fails to include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983) ("Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity

protected by the Constitution or laws of the United States."). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claims, the complaint may be dismissed. *See Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of claims at preliminary screening since prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II. Factual Allegations

Plaintiff states that he was diagnosed with a skin condition called Prurigo Nodularis. Recast Compl. 5-6, ECF No. 16. Plaintiff claims that in 2023 a specialist from Dermatology & Skin Surgery Center prescribed medication for his condition and "gave specific follow-up instructions that included return visits to his office so the condition could be monitored and kept from getting out of hand." *Id.* at 6. Plaintiff complains that he has not had any follow-up visits with that specialist nor has he "received the specialist-prescribed medication or a comparable treatment plan that has controlled the disease." *Id.* Plaintiff complains that his condition has worsened and that he now has "large, hard, crusted[,] and oozing nodules or knots in clusters in many areas of [his] body" and he is experiencing "severe itching and pain[.]" *Id.* Plaintiff states that he met with Defendant Medical Director Dixon in May 2026 and she observed the lesions on his body. *Id.* Plaintiff states she told him that she would meet with him in "medical so [they] could discuss everything." *Id.* Plaintiff complains that he has not had that visit with her nor has he been sent to the specialist, given the specialist prescribed treatment, or received any other adequate

treatment. Recast Compl. 7, ECF No. 16. Plaintiff also states that he met with Defendants Dr. Burham and Dr. Ramirez regarding his skin condition and Plaintiff "explained that the condition was causing severe itching and pain." *Id.* Plaintiff requested that Defendants Burham and Rodriguez follow the specialist's recommendations or "at least [he] be given something medically appropriate to reduce the severe pain and itching[.]" *Id.* Plaintiff claims Defendants Burham and Rodriguez have not returned Plaintiff to the specialist or given him the specialist prescribed medication or "meaningful[ly] continu[ed] treatment that stopped the progression." *Id.* at 7-8. Plaintiff seeks injunctive relief and damages. *Id.* at 9.

## III. Plaintiff's Claims

Plaintiff raises a claim of deliberate indifference to a serious medical need. To state such a claim, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).

The first prong is objective, and

> a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm.

*Farrow*, 320 F.3d at 1243 (alteration in original) (quotations and citations omitted).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that his own conduct

put the plaintiff at substantial risk of serious harm[;]" (2) disregarded that risk; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007). "Imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person knew." *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (cleaned up). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law,'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255. The final prong simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (citation omitted). Plaintiff's allegations discussed above are sufficient to survive preliminary review. Plaintiff may thus proceed with his Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Dixon, Burham, and Rodriguez for further factual development.

**ORDER FOR SERVICE**

Having found that Plaintiff states a colorable constitutional violation claim against Defendants Dixon, Burham, and Rodriguez of Dooly State Prison, it is

**ORDERED** that service be made on Defendants and that they file an Answer, or other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the PLRA. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly notify the Clerk may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the

responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. No Defendant shall commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by each Defendant (whichever comes first) unless an extension is granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of

each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests exceeding these limits.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED,** this 12th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE